UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62281-CV-COHN

ORIOLE GARDENS CONDOMINIUM
ASSOCIATION I,

Magistrate Judge Seltzer

     Petitioner,

vs.

ASPEN SPECIALTY INSURANCE COMPANY,

     Respondent.
_____/

**ORDER DENYING MOTION TO DISMISS**
**ORDER STRIKING SUBPARAGRAPH B OF THE WHEREFORE CLAUSE**

**THIS CAUSE** is before the Court upon Respondent's Motion to Dismiss [DE 5] and Petitioner's Response [DE 15]. The Court has carefully considered the motion and response, and is otherwise fully advised in the premises. No reply memorandum was filed by the deadline of December 5, 2011.

**I. BACKGROUND**

This case involves a dispute between a condominium association known as Oriole Gardens and its property insurance carrier, Aspen Specialty Insurance Company ("Apsen"). Oriole Gardens filed a Petition for Declaratory Relief in state court seeking a determination that its claim for damages related to Hurricane Wilma was covered under its insurance policy with Aspen [DE 1-2]. Aspen removed this action to federal court and filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The Court has diversity jurisdiction as the parties are citizens of different states and the amount in controversy, as evidenced by the Proof of Loss attached to the Notice of Removal, is over $75,000. See Exhibit E to Notice of Removal [DE 1-6].

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

Pursuant to the United States Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), to survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 555. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

### B.  Declaratory Judgment Action

Aspen contends that Oriole Gardens is seeking two judicial declarations – a decree that its supplemental Hurricane Wilma claim is covered by the parties' insurance contract, and a decree compelling Aspen to specifically perform under the contract's appraisal provision.  Motion at 1.  Aspen later states in its motion only that Oriole Gardens filed the action because it was uncertain of its right to coverage, but that Aspen seeks to dismiss the action because Oriole Gardens has not properly plead an

2

action for specific performance and appraisal.  Aspen focuses its motion on the alleged inadequacy of the Petition on the claim to enforce appraisal rights, and does not allege that Oriole Gardens has failed to state a claim for a determination as to coverage.  In its Response, Oriole Gardens confirms that it is seeking a judicial determination of coverage, and that any appraisal rights can only follow after such a determination.

The parties do not dispute the governing Florida law.  Before addressing that law, this Court notes that it may hear an action for declaratory judgment pursuant to 28 U.S.C. § 2201 once subject matter jurisdiction is established.  There is no dispute that this Court has diversity jurisdiction, and neither party is seeking to have this Court decline to exercise its discretion under 28 U.S.C. § 2201.  Wilton v. Seven Falls Co., 515 U.S. 277, 286-87 (1995).

Under Florida law, when an insurance claim "has been denied in its entirety on the ground that it is not covered by the insurance policy, the issue of coverage is one for the court, not for the appraisers."  Corzo v. American Superior Insurance Co., 847 So.2d 584, 585 (Fla. Dist. Ct. App. 2003) (citing Johnson v. Nationwide Mutual Ins. Co., 828 So.2d 1021, 1025-26 (Fla. 2002)).  In this action, Oriole Gardens states four times in its Petition that it is seeking a judicial determination of coverage.  See ¶¶ 13-16 of the Petition.  Only after such determination is made, does Oriole Gardens seek to enforce any appraisal rights, a remedy that is mentioned in subparagraph "b." of the "Wherefore" clause of the Petition.

The Court concludes that the Petition has stated a claim for a declaratory judgment that the parties' insurance contract covers the Hurricane Wilma claim made by Oriole Gardens.  This is the only form of relief properly plead in the Petition and that

is properly before this Court at this time. Thus, to avoid any uncertainty, the Court will strike, without prejudice, the request to compel Aspen to submit to appraisal, contained in subparagraph "b." of the "Wherefore" clause at page 4 of the Petition. See 767 Building, LLC v. Allstate Insurance Co., Case No. 10-60007-Civ, 2010 WL 1796564 (S.D. Fla. May 4, 2010). If this action results in a judicial determination of coverage, the Court will presume that the parties will then submit to the appraisal process.

### III.  CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Respondent's Motion to Dismiss [DE 5] is hereby **DENIED**, however, subparagraph "b." of the "Wherefore" clause at page 4 of the Petition is hereby **STRICKEN, without prejudice** to renewal at the appropriate time;

2. Respondent shall respond to the Complaint by January 10, 2012.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of December, 2011.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:
counsel of record

4