UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

ORIOLE GARDENS CONDOMINIUM
ASSOCIATION 1,

        Petitioner,

v.                              Case No.: 0:11-62281-CIV-COHN-SELTZER

ASPEN SPECIALTY INSURANCE
COMPANY,

        Respondent.
_____/

**PETITIONER'S MOTION TO STRIKE AND/OR DISMISS DEFENDANT'S**
**AFFIRMATIVE DEFENSES AND INCORPORATED MEMORANDUM OF LAW**

**COMES NOW,** the Plaintiff, ORIOLE GARDENS CONDOMINIUM ASSOCIATION 1 ("ORIOLE GARDENS"), by and through its undersigned attorney, and hereby files this Motion to Strike and/or Dismiss Defendant, ASPEN SPECIALTY INSURANCE COMPANY'S ("ASPEN"), Affirmative Defenses and in support thereof, would show the Court as follows:

**I.    BRIEF STATEMENT OF RELEVANT FACTS**

On or about October 24, 2005, ORIOLE GARDENS suffered damages to its insured property caused by Hurricane Wilma (hereinafter referred to as "the loss"). At the time of the loss, and in consideration of premiums paid to ASPEN SPECIALTY by ORIOLE GARDENS, there was a commercial property insurance policy in effect, bearing Policy No. PP002117. Under the terms of the Policy, ASPEN SPECIALTY insured ORIOLE GARDENS against certain losses to its property located at 7400 N.W. 5th Court, Margate, Florida 33063 (hereinafter referred to as "the property"). The loss sustained by ORIOLE GARDENS was a result of a covered peril under the Policy.

On August 26, 2011, ASPEN SPECIALTY denied the claim based upon its own interpretation of the Policy and alleged that the damage claimed is not covered under the terms of

the Policy. Thus, it is evident that a dispute has arisen with regard to the existence of coverage for the loss and, as such, it is exclusively an issue for the Court to determine.

On or about August 29, 2011, left with no other option, ORIOLE GARDENS was required to serve the Petition for Declaratory Relief. [DE. 1-2].

On October 24, 2011, ASPEN filed its Notice of Removal seeking Federal Court jurisdiction [DE.1].

On January 13, 2011, ASPEN filed its Answer and Affirmative Defenses to the Petition for Declaratory Relief. [DE. 26].

ORIOLE GARDENS contends that Affirmative Defenses No.'s 1, 2, 3, 6, 7, 8, 9, 11, 12, 13, and 15 have been improperly pled, and respectfully requests that this Court strike the improperly pled Affirmative Defenses.

## II.  LEGAL ANALYSIS

### A.  Applicable Rules of Procedure

**Fed.R.Civ.P. 8.  General Rules of Pleading**

* * *

**(b) Defenses; Admissions and Denials.**

**(1)** *In General.* In responding to a pleading, a party must:

(**A**) state in short and plain terms its defenses to each claim asserted against it; and

(**B**) admit or deny the allegations asserted against it by an opposing party.

**(2)** *Denials--Responding to the Substance.* A denial must fairly respond to the substance of the allegation.

**(3)** *General and Specific Denials.* A party that intends in good faith to deny all the allegations of a pleading--including the jurisdictional grounds--may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

**(4)** *Denying Part of an Allegation.* A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

**(5)** *Lacking Knowledge or Information.* A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

**(6)** *Effect of Failing to Deny.* An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

**(c) Affirmative Defenses.**

**(1)** *In General.* In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including:

- accord and satisfaction;
- arbitration and award;
- assumption of risk;
- contributory negligence;
- duress;
- estoppel;
- failure of consideration;
- fraud;
- illegality;
- injury by fellow servant;
- laches;
- license;
- payment;
- release;
- res judicata;
- statute of frauds;
- statute of limitations; and
- waiver.

\* \* \*

**(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.**

**(1)** *In General.* Each allegation must be simple, concise, and direct. No technical form is required.

\* \* \*

**Fed.R.Civ.P. 9.  Pleading Special Matters**

> **(a)   Capacity   or   Authority   to   Sue;   Legal   Existence.**
>
> **(1)** *In General.* Except when required to show that the court has jurisdiction, a pleading need not allege:
>
> * * *
>
> **(b) Fraud or Mistake; Conditions of Mind.** In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.
>
> **(c) Conditions Precedent.** In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity.
>
> * * *

**B.   Applicable Case Law Regarding Affirmative Defenses**

ORIOLE GARDENS may challenge a legally insufficient ASPEN affirmative defense by a motion to strike the defense. *Resolution Trust Corp. v. Farmer*, 823 F.Supp. 302 (E.D. Pa. 1993). An affirmative defense which is insufficient on its face, that comprises no more than a bare conclusory allegation, or which consists of an unsupported legal conclusion must be stricken. *See Flasza v. TNT Holland Motor Exp., Inc.*, 155 F.R.D. 612 (N.D. Ill. 1994). A motion to strike may be granted where facts pled by the defendant tend to refute the affirmative defense, *Instituto Nacional De Comercializacion Agricola (Indeca) v. Continental Illinois Nat. Bank and Trust Co.*, 576 F. Supp. 985 (N.D. Ill. 1983), or where an affirmative defense is redundant, as where it raises matters raised in the defendant's denial, *Texidor v. E.B. Aaby's Rederi A/S*, 354 F. Supp. 306 (D.P.R. 1972).

> An affirmative defense raises matters extraneous to the plaintiff's *prima facie* case; as such, they are derived from the common law plea of '**confession and avoidance**.' 5 C. Wright and A. Miller, Federal Practice and Procedure § 1270, at 289 (1969). On the other hand, some defenses negate an element of the plaintiff's *prima facie* case; these defenses are excluded from the definition of affirmative defense in Fed.R.Civ.P. 8(c). 2A J. Moore and J. Lucas, Moore's Federal Practice ¶¶ 8.27[1], 8.27[4] (2d ed.1985). (emphasis in original). In addition, it is well established that '[t]he party asserting an affirmative defense usually has the burden of proving it.' *Drexel Burnham Lambert Group Inc. v. Galadari,* 777 F.2d

877, 880 (2d.Cir.1985).

*Flav-O-Rich v. Rawson Food Service, Inc. (In re Rawson Food Service, Inc.*), 846 F.2d 1343, 1349 (11th Cir. 1988) (emphasis added).  In *Rawson Food Service, Inc.,* the court held that a defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense. 846 F.2d at 546.  In similar fashion, the Ninth Circuit has held "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. Southern California Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002).

An Affirmative Defense is one that admits the cause of action asserted by the preceding pleading, but avoids liability, wholly or partly, by allegation of excuse, justification or other matter negating liability.  *Florida E. C. R. Co. v. Peters*, 73 So. 151, 165 (Fla. 1916).[1]  Affirmative defenses "don't deny the facts of the opposing party's claim, but they raise some new matter which defeats the opposite party's otherwise apparently valid claim."  *Tropical Exterminators, Inc. v. Murray*, 171 So.2d 432, 433 (Fla. 2d DCA 1965).  "[A]n affirmative defense is a pleading that, in whole or part, bars or voids the cause of action asserted by an opponent in the preceding pleading."  *Storchwerke, GMBH v. Mr. Thiessen's Wallpapering Supplies, Inc.*, 538 So.2d 1382 (Fla. 5th DCA 1989).  "Affirmative defenses are in the nature of a ***confession*** and avoidance."  *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Benton*, 467 So.2d 311, 313 (Fla. 5th DCA 1985). (Emphasis added).

The defense admits the cause of action and supporting facts asserted by a preceding pleading, but raises some new matter which defeats the opposing party's otherwise apparently valid claim.  *Gatt v. Keyes Corp.,* 446 So.2d 211 (Fla. 3d D.C.A. 1984); *Wiggins v. Portmay Corp.,* 430 So.2d 541 (Fla. 1st D.C.A. 1983); *Tropical Exterminators, Inc. v. Murray*.

---

[1]   Federal decisions interpreting federal rules which are similar to Florida's rules are persuasive. *Dominique v. Yellow Freight System, Inc.*, 642 So.2d 594 (Fla. 4th DCA 1994).  The maxim frequently applied in construing Florida procedural rules - similar state and federal procedural rules should be construed in the same fashion.  *Adams v. State*, 423 So.2d 439 (Fla. 4th DCA 1982).

### III.     ASPEN'S DEFICIENT AFFIRMATIVE DEFENSES

ORIOLE GARDENS contends that this Court strike the following improperly plead Affirmative Defenses:

A.     **ASPEN'S First Affirmative Defense:**

#### First Affirmative Defense

> Petitioner has not stated a valid claim upon which relief may be granted. Specifically, Petitioner has not alleged a contractual ambiguity or question of contractual validity sufficient to bring about a cause of action for declaratory relief.

[DE. 26].

In its First Affirmative Defense, ASPEN fails to state facts supporting its First Affirmative Defense.

Given ASPEN'S general denial that a breach of contract cause of action has occurred, this Affirmative Defense is not proper.  This Affirmative Defense is not in the nature of a ***confession*** and avoidance, but a complete denial of the pled allegations.  An Affirmative Defense is one that admits the cause of action asserted by the preceding pleading, but avoids liability, wholly or partly, by allegation of excuse, justification or other matter negating liability.  Affirmative defenses "don't deny the facts of the opposing party's claim, but they raise some new matter which defeats the opposite party's otherwise apparently valid claim."  *Tropical Exterminators, Inc. v. Murray*, 171 So.2d 432, 433 (Fla. 2d DCA 1965).  "[A]n affirmative defense is a pleading that, in whole or part, bars or voids the cause of action asserted by an opponent in the preceding pleading."  *Storchwerke, GMBH v. Mr. Thiessen's Wallpapering Supplies, Inc.*, 538 So.2d 1382 (Fla. 5th DCA 1989).  "***Affirmative defenses are in the nature of a confession and avoidance***."  *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Benton*, 467 So.2d 311, 313 (Fla. 5th DCA 1985). (Emphasis added).

Here, ASPEN does not admit, in its alleged proper defense, the cause of action and the

supporting facts asserted in the plead Petition. *See Gatt v. Keyes Corp.,* 446 So.2d 211 (Fla. 3d D.C.A. 1984). This Affirmative Defense simply makes a conclusionary statement. ASPEN never stated with any specificity or particularity why "Petitioner has not stated a valid claim upon which relief may be granted."

ASPEN must state facts to supports its Affirmative Defense, but it did not. ASPEN'S purported First Affirmative Defense is nothing more than a conclusion of law. Additionally, it does not accept any of ORIOLE GARDENS' plead facts. A proper affirmative defense accepts the petitioner's facts, but then adds new facts to excuse or relieve the defendant of liability. Not only does ASPEN'S First Affirmative Defense not accept ORIOLE GARDENS' facts, it does not add a new fact(s).

In summary, ASPEN'S First Affirmative Defense is not a valid affirmative defense because it is merely a general denial. Additionally, ASPEN adds no facts, which is required in order to assert a valid affirmative defense. ASPEN'S First Affirmative Defense is not plead with the requisite facts required by the Rules, therefore, ORIOLE GARDENS is entitled to have the First Affirmative Defense dismissed and/or stricken without prejudice to be re-plead properly.

B.    **ASPEN'S Second Affirmative Defense:**

### Second Affirmative Defense

> The liability of ASPEN to Petitioner, if any, is limited by the terms and conditions of the policy, including all exclusions, limitations, definitions and deductible provisions contained therein.

[DE. 26]

Again, this is not a proper Affirmative Defense, but a general defense.

ORIOLE GARDENS hereby adopts its argument above to the First Affirmative Defense herein. As such, ASPEN'S Second Affirmative Defense is not a valid affirmative defense because it is merely a general denial. Additionally, ASPEN adds no facts, which is required in order to assert a valid affirmative defense. ASPEN'S Second Affirmative Defense is not plead with the requisite facts required by the Rules, therefore, ORIOLE GARDENS is entitled to have the

Second Affirmative Defense dismissed and/or stricken without prejudice to be re-plead properly.

    **C.**    **ASPEN'S Third Affirmative Defense:**

### Third Affirmative Defense

> ASPEN is entitled to a set-off for any and all sources paid or payable to the Petitioner as a result of the acts or events referred to in Petitioner's Petition for Declaratory Relief.

[DE. 26]

This is not a proper Affirmative Defense, but a general defense. (Refer to the above legal arguments).

ASPEN does not articulate or state with specificity and particularity the grounds on which it claims avoidance, as well as the substantial matters of law intended to be argued at trial. Rule 9(c). The Rule 9(c) requires ASPEN to make specific factual statements of the grounds supporting its Affirmative Defense, but it fails to do so. (Refer to arguments above). What is ASPEN referring to?

As such, ASPEN'S Third Affirmative Defense is not a valid affirmative defense, because it is merely a general denial. Additionally, ASPEN adds no facts, which is required in order to assert a valid affirmative defense. ASPEN'S Third Affirmative Defense is not plead with the requisite facts required by Florida law, therefore, ORIOLE GARDENS is entitled to have the Third Affirmative Defense dismissed and/or stricken without prejudice to be re-plead properly.

    **D.**    **ASPEN'S Sixth Affirmative Defense:**

### Sixth Affirmative Defense

The subject insurance contract excludes some or all of damage claimed by the Petitioner pursuant to the following policy provision:

### CAUSES OF LOSS- SPECIAL FORM

B.  Exclusions
    2.  We will not pay for loss or damage caused by or resulting from any of the following:
        \*      \*      \*
    d.  (1) Wear and tear;
        (2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
        \*      \*      \*
    f.  Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more
        \*      \*      \*

[DE. 26]

    This is not an Affirmative Defense, but a general defense.  ASPEN merely cites to policy provisions but cites no facts, with or even without any "particularity," to support its contention that the damage claimed by the Petitioner is not covered under the policy.

    ASPEN does not plead a defense that, in whole or part, bars or voids the insured's cause of action.  It merely asserts conclusions, without any factual support.  ORIOLE GARDENS incorporates its arguments as above to the previous Affirmative Defenses herein in response to the Sixth Affirmative Defense.

    **E.**    **ASPEN'S Seventh Affirmative Defense:**

### Seventh Affirmative Defense

Respondent asserts that some of Petitioner's damages may be excluded pursuant to the following exclusion for "neglect":

### CAUSES OF LOSS- SPECIAL FORM

  B. Exclusions
    2. We will not pay for loss or damage caused by or resulting from any of the following:
   * * *
    m. Neglect of the insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

[DE. 26]

  This is not an Affirmative Defense, but a general defense.

  ORIOLE GARDENS incorporates its previous arguments above to the previous alleged Affirmative Defenses herein in response to the Seventh Affirmative Defense. This Affirmative Defense too must be dismissed and/or stricken without prejudice to be re-plead properly.

F.   **ASPEN'S Eighth Affirmative Defense:**

### Eighth Affirmative Defense

The subject insurance contract excludes some or all of damage claimed by the Petitioner pursuant to the following policy provision:

### CAUSES OF LOSS- SPECIAL FORM

B.   Exclusions
   3.   We will not pay for loss or damage caused by or resulting from any of the following 3.a. through 3.c.  But if an excluded cause of loss that is listed in 3.a. through 3.c., results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.
   *       *       *
   c.   Faulty, inadequate or defective:
   (1)   Planning, zoning, development, surveying, siting
   (2)   Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction
   (3)   Materials used in repair, construction, renovation or remodeling;
   (4)   Maintenance;
   Of part or all of any property on or off the described premises.

[DE. 26]

This is not an Affirmative Defense, but a general defense.

ORIOLE GARDENS incorporates its previous arguments above to the previous alleged Affirmative Defenses herein in response to the Eighth Affirmative Defense.  This Affirmative Defense too must be dismissed and/or stricken without prejudice to be re-plead properly.

G.   **ASPEN'S Ninth Affirmative Defense:**

### Ninth Affirmative Defense

The subject insurance contract excludes some or all of damage claimed by the Petitioner pursuant to the following policy provision:

### CONDOMINIUM ASSOCIATION COVERAGE FORM
***

B. Exclusions
   1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

      a. Ordinance or Law
         The enforcement of any ordinance or law:
         (1) Regulating the construction, use or repair of any property; or
                               ***

      This exclusion, Ordinance or Law, applies whether the loss results from:
         (1) An ordinance or law that is enforced even if the property has not been damaged; or
         (2) The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of property, or removal of its debris, following a physical loss to that property.

[DE. 26]

This is not an Affirmative Defense, but a general defense.

ORIOLE GARDENS incorporates its previous arguments above to the previous alleged Affirmative Defenses herein in response to the Ninth Affirmative Defense. This Affirmative Defense too must be dismissed and/or stricken without prejudice to be re-plead properly.

    **H.**    **Aspen's Eleventh Affirmative Defense:**

### Eleventh Affirmative Defense

The subject insurance contract excludes or limits some or all of damage claimed by the Petitioner pursuant to the following policy provision:

**CONDOMINIUM ASSOCIATION COVERAGE FORM**
                         ***

4.    Additional Coverages
                  ***
e.    Increased Cost of Construction
(1)   This Additional Coverage applies only to buildings to which the Replacement Cost Optional Coverage applies.
(2)   In the event of damage by a Covered Cause of Loss to a building that is Covered Property, we will pay the increased costs incurred to comply with enforcement of an ordinance or law in the course of repair, rebuilding or replacement of damaged parts of that property, subject to the limitations stated in e.(3) through e.(9) of this Additional Coverage.
(3)   The ordinance or law referred to in e.(2) of this Additional Coverage is an ordinance or law that regulates the construction or repair of buildings or establishes zoning or land use requirements at the described premises, and is in force at the time of loss.
(4)   Under this Additional Coverage, we will not pay any costs due to an ordinance or law that:

      (a)    You were required to comply with before the loss, even when the building was undamaged; and
      (b)    You failed to comply with.
***

(7)    With respect to this Additional Coverage:
      (a)    We will not pay for the Increased Cost of Construction:
          (i)    Until the property is actually repaired or replaced, at the same or another premises; and
          (ii)    Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage, not to exceed two years. We may extend this period in writing during the two years.

[ DE. 26]

This is not an Affirmative Defense. It cites no facts; it merely incorporates a cut and paste of a policy provision. ASPEN does not admit the cause of action asserted by complaint, in any part, not matter how small, but denies every part of the insurance claim. Thus, there is nothing that ASPEN needs to plead to avoid liability, wholly or partly, by some allegation of excuse, justification or other matter negating liability.

Next, ASPEN does not even admit that a hurricane caused damages, or that wind is a covered peril. Given the fact that ASPEN refused to admit this fact, this Affirmative Defense is improper.

ORIOLE GARDENS incorporates its previous arguments above to the previous alleged Affirmative Defenses herein in response to the Eleventh Affirmative Defense. This Affirmative Defense too must be dismissed and/or stricken without prejudice to be re-pled properly.

I.    **Aspen's Twelfth Affirmative Defense:**

<b><u>Twelfth Affirmative Defense</u></b>

Respondent states that Petitioner is not entitled to recover Replacement Cost Value benefits as it has failed to comply with the following policy provision:

<b>CONDOMINIUM COVERAGE ASSOCIATION FORM</b><br>***

G.    Optional Coverages
If shown as applicable in the Declarations, the following Optional Coverages apply separately to each item.

> \*\*\*
> 3.   Replacement Cost
> \*\*\*
> d. We will not pay on a replacement cost basis for any loss or damage:
> (1) Until the lost or damaged property is actually repaired or replaced; and
> (2) Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.
> \*\*\*

[DE. 26]

ORIOLE GARDENS incorporates its previous arguments above to the previous alleged Affirmative Defenses herein in response to the Eleventh Affirmative Defense.  This Affirmative Defense too must be dismissed and/or stricken without prejudice to be re-plead properly.

**J.**   **ASPEN'S Thirteenth Affirmative Defense:**

### Thirteenth Affirmative Defense

> Respondent asserts that some of the alleged damages and repair/replacement work included in Petitioner's claim may be misrepresented as they are excessive, inflated, and/or unreasonable in scope and/or cost.  Further, the claim presented is misrepresented insofar as it contains claims for extensive alleged damages which do not exist, and/or which were not caused by Hurricane Wilma.

[DE. 26]

ORIOLE GARDENS incorporates its previous arguments above to the previous alleged Affirmative Defenses herein in response to the Thirteenth Affirmative Defense.  This Affirmative Defense too must be dismissed and/or stricken without prejudice to be re-pled properly.

**K.**   **Aspen's Fifteenth Affirmative Defense:**

### Fifteenth Affirmative Defense

> Petitioner has failed to comply with the post loss conditions under the subject insurance policy.

[DE. 26]

ORIOLE GARDENS incorporates its previous arguments above to the previous alleged Affirmative Defenses herein in response to the Fifteenth Affirmative Defense.  This Affirmative Defense too must be dismissed and/or stricken without prejudice to be re-pled properly and with specificity.

**WHEREFORE,** the Petitioner, ORIOLE GARDENS CONDOMINIUM ASSOCIATION I, respectfully requests the Court to:

A. Grant Petitioner's Motion to Strike and/or Dismiss Affirmative Defense No.'s 1, 2, 3, 6, 7, 8, 9, 11, 12, 13, and 15;

B. Enter an Order dismissing and/or striking Respondent's Affirmative Defense No.'s 1, 2, 3, 6, 7, 8, 9, 11, 12, 13, and 15, ***without prejudice***:

C. Require Respondent to pay reasonable attorney's fees and costs in prosecution of this motion; and

D. Grant any or further relief this Court deems just and proper.

**CERTIFICATE OF GOOD FAITH CONFERENCE: CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the Movant has conferred with counsel for the Respondent. Counsel for the Respondent has advised that it would be willing to amend certain Affirmative Defenses for more specificity. Given that representation, counsel for Movant would not object to allowing Respondent to amend its Affirmative Defenses so as to address the merits of this Motion.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 3, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Hillary Cohen, Esquire and William S. Berk, Esquire, Berk, Merchant & Sims, PLC, 2 Alhambra Plaza, Suite 700, Coral Gables, Florida 33134.

/s/ Sean M. Shaw
**SEAN M. SHAW, ESQUIRE**
Florida Bar No. 0690988
MERLIN LAW GROUP, P.A.
777 S. Harbour Island Boulevard, Suite 950
Tampa, Florida 33602
Telephone: (813) 229-1000
Facsimile: (813) 229-3692
sshaw@merlinlawgroup.com
Counsel for Petitioner