UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62281-CV-COHN

ORIOLE GARDENS CONDOMINIUM
ASSOCIATION I,

Magistrate Judge Seltzer

      Petitioner,

vs.

ASPEN SPECIALTY INSURANCE COMPANY,

      Respondent.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE AND/OR DISMISS DEFENDANT'S AFFIRMATIVE DEFENSES
### ORDER GRANTING LEAVE TO AMEND AFFIRMATIVE DEFENSES

**THIS CAUSE** is before the Court upon Petitioner's Motion to Strike and/or Dismiss Defendant's Affirmative Defenses [DE 30] and Respondent's Opposition to the Motion [DE 34]. The Court has carefully considered the motion and response, and is otherwise fully advised in the premises. No reply memorandum was filed by the deadline of March 8, 2012.

### I. BACKGROUND

This case involves a dispute between a condominium association known as Oriole Gardens ("Petitioner") and its property insurance carrier, Aspen Specialty Insurance Company ("Apsen"). Oriole Gardens filed a Petition for Declaratory Relief in state court seeking a determination that its claim for damages related to Hurricane Wilma was covered under its insurance policy with Aspen [DE 1-2]. Aspen removed this action to federal court based upon diversity jurisdiction [DE 1-1]. After the Court denied Respondent's Motion to Dismiss [DE 21], Respondent filed its Answer and

Affirmative Defenses [DE 26].  Petitioner has moved to strike eleven of the fifteen affirmative defenses.  Aspen opposes the motion.

## II.  DISCUSSION

### A.  Motion to Strike Defenses

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Historically, this remedy was generally disfavored and motions to strike affirmative defenses were denied unless it was clear that the defenses could not succeed under any circumstances.  Williams v. Jader Fuel Co., Inc., 944 F.2d 1388, 1400 (7th Cir. 1991); Augustus v. The Bd. of Pub. Instruction of Escambia County, Florida, 306 F.2d 862, 868 (5th Cir. 1962).[1]  Although the decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), do not state that they apply to the pleading of affirmative defenses, these decisions do provide some recent guidance in deciding whether an affirmative defense is sufficient under Fed. R. Civ. P. 12(f) and 8(c).

An affirmative defense must be stricken when the defense comprises no more than bare-bones, conclusory allegations.  Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002); Meridian of Palm Beach Condominium Ass'n, Inc. v. QBE Ins., 2007 WL 1364334 (S.D. Fla. May 7, 2007).  A defense that simply points out a defect or lack of evidence in the plaintiff's case is not

---

[1] The Eleventh Circuit, Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), adopted as binding precedent all decisions of the United States Court of Appeals for the Fifth Circuit handed down by that court prior to the close of business on September 30, 1981.

an affirmative defense.  In re Rawson Food Service, Inc., 846 F.2d 1343, 1349 (11th Cir. 1988).  Petitioner filed the present motion seeking to strike various affirmative defenses in this action because they are either not valid defenses or are insufficiently plead as defenses.

### B.  Particular Affirmative Defenses

Petitioner moves to strike the First Affirmative Defense because it is a general denial that Petitioner has not stated a claim by failing to allege a contractual ambiguity or a question of contractual validity.  Answer and Affirmative Defenses at p. 3 [DE 26].  Aspen argues that it gives Petitioner fair notice of the defense.  However, this defense is clearly insufficient under Rawson Food Service because it merely points out a defect in Petitioner's case.

Petitioner also moves to strike the Second Affirmative Defense, which states that Aspen's liability is limited "by the terms and conditions of the policy, including all exclusions, limitations, definitions and deductible provisions contained therein."  Answer and Affirmative Defenses at p. 3.  While this defense does provide more than a simple denial, it is insufficient under Fed. R. Civ. P. 9(c), which states that "when denying that a condition precedent has occurred or been performed, a party must do so with particularity."  Here, the defense is so broad as to encompass the entirety of the insurance contract and therefore fails to give Petitioner fair notice of the defense.

Petitioner next moves to strike the Third Affirmative Defense, which states that Aspen "is entitled to a set-off for any and all sources paid or payable to the Petitioner. . . ."  Id.  This defense merely states a legal doctrine, set-off, without any factual context to this action.  Respondent must plead some facts to support this legal conclusion.

3

Petitioner also moves to strike the Sixth, Seventh, Eighth, Ninth, and Eleventh Affirmative Defenses. In each of these defenses, Aspen states that the insurance contract excludes some or all of the damages claimed by Petitioner. In each such defense, Aspen has included the particular policy language that pertains to that defense. For example, the Sixth Affirmative Defense lists the wear and tear exclusion, the Seventh Affirmative Defense lists the neglect exclusion, and so on. Id. at pp. 4-8. These defenses do give Petitioner sufficient notice, as particular contract provisions are identified in each defense. The "facts" that are alleged is the language of the particular insurance contract provision.

Turning next to the Twelfth Affirmative Defense, here Aspen has asserted that Petitioner has failed to comply with the conditions contained in the replacement cost provision of the contract. Id. at 8. This particular contract provision is listed in this defense and is specific as to what Petitioner must do to comply, thus providing the particularity required by Fed. R. Civ. P. 9(c) for an affirmative defense.

Petitioner also moves to strike the Thirteenth Affirmative Defense, in which Aspen asserts that some of the alleged damages were misrepresented by Petitioner. Here, simply making this statement and including the "Concealment, Misrepresentation or Fraud" provision of the contract does not comply with Fed. R. Civ. P. 9(b), which requires allegations of fraud to be stated with particularity. "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they

misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001). The plain language of Rule 9 applies to all pleadings, including affirmative defenses. Aspen will need to add sufficient factual allegations to maintain this defense.

Finally, Petitioner moves to strike the Fifteenth Affirmative Defense. In this defense, Aspen alleges that Petitioner has failed to comply with the post-loss conditions in the contract. Answer and Affirmative Defenses at p. 10. Under Fed. R. Civ. P. 9(c), as noted above, denying that a condition precedent was performed requires pleading with particularity. Here, the insurance contract provision just states that no one may bring a legal action against Aspen unless there has been full compliance with all terms of the contract. As there is no particularity in this provision, Aspen will need to add sufficient factual allegations to maintain this defense.

### III.  CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Petitioner's Motion to Strike and/or Dismiss Defendant's Affirmative Defenses [DE 30] is hereby **GRANTED in part** and **DENIED in part**;

2. The following Affirmative Defenses are hereby **STRICKEN, without prejudice**, and with leave to Respondent to amend: Affirmative Defenses 1, 2, 3, 13 and 15;

3. Respondent may file an amended Answer and Affirmative Defenses by March 27, 2012.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of March, 2012.

JAMES I. COHN
United States District Judge

Copies furnished to:
counsel of record